**RITCH et al. v. JARVIS et al.**

No. 4342.

Court of Civil Appeals of Texas. Texarkana.

July 11, 1933.

Rehearing Denied Oct. 5, 1933.

Sam J. Callaway, of Fort Worth, R. Leslie Hedrick, of Salt Lake City, Utah, Gentry & Gray, of Tyler, and Jas. E. Whitmore and Robt. O. Pepper, both of Fort Worth, for appellants.

T. N. Jones, of Tyler, J. W. Timmins, O. A. Toler, Martin A. Row, and T. L. Foster, all of Dallas, and J. A. Bulloch and Butler, Price & Maynor, all of Tyler, for appellees.

JOHNSON, Chief Justice.

Appellants were the plaintiffs and appellees were the defendants in the trial court. The appeal is from judgment of the trial court sustaining a general demurrer to plaintiffs' petition and dismissing the suit. J. P. Ritch, joined by the heirs of his deceased wife, Minnie Ritch, as plaintiffs, filed this suit in the district court of Smith county July 23, 1931. Before the trial J. P. Ritch died, and upon suggestion of his death the suit was prosecuted by appellants, the children and only heirs at law of J. P. Ritch and wife, Minnie Ritch, both of whom died intestate, and the petition further showing no necessity for administration. The petition is a direct attack seeking to vacate a judgment of the same court entered at a prior term in cause No. 1729–A, styled Jarvis & Co., Plaintiff, v. J. P. Ritch, Defendant, wherein Jarvis & Co., by S. Jarvis as the sole owner, obtained a judgment by default against J. P. Ritch, November 7, 1928, divesting out of J. P. Ritch and into S. Jarvis the title to a certain tract of 103.7 acres of land in Smith county, upon pleadings alleging an equitable cause of action for the rescission of the sale of the land, by virtue of Jarvis & Co. being the assignee

and holder of two purchase-money notes originating in the sale of the land to J. P. Ritch by one Clay Denton on July 10, 1913. All of the record in cause No. 1729–A is incorporated in the pleadings of the plaintiffs in the present suit. The heirs and legal representatives of S. Jarvis, deceased, as well as all parties claiming interest in the land through conveyance from S. Jarvis under the judgment in cause No. 1729–A, were made parties defendant in the present suit.

■ Appellants' pleadings attack the judgment in cause No. 1729–A upon two grounds: First, that the judgment is void for alleged matters vitiating it that are apparent of record; and, second, that it is voidable and should be set aside by reason of alleged matters vitiating it, not apparent of record. The ground of attack contending the judgment void by reason of matters apparent of record is directed at the petition upon which the judgment by default was rendered in cause No. 1729–A.

Appellants' several propositions under their assignment of error directed at the deficiency of said petition, by reason of which it is contended that the default judgment for rescission entered thereon is void, may for brevity be stated as asserting that the petition is subject to general demurrer upon grounds vitiating the judgment, in that (1) the petition affirmatively shows that S. Jarvis has no cause of action for rescission upon the facts stated, and (2) that the petition is wanting in allegation of facts sufficient to state a cause of action for rescission.

Regarding the first group of propositions, appellants cite the case of McCamant v. McCamant (Tex. Civ. App.) 187 S. W. 1096, and others. The effect of the holding in the McCamant Case is that a judgment is void rendered upon a petition alleging facts affirmatively showing a legal inhibition preventing recovery upon the facts stated. That is to say, a petition which affirmatively alleges facts showing a legal inhibition preventing recovery upon the facts stated will not support a judgment by default. Such legal impediment so reflected upon the face of the petition may be such as is irremovable, appearing in a suit foreclosing alleged paving lien wherein a petition affirmatively revealed that the property was homestead. Higgins v. Bordages, 88 Tex. 458, 31 S. W. 52, 803, 53 Am. St. Rep. 770. Such inhibition when not disclosed does not render the judgment void, Gehret v. Hetkes (Tex. Com. App.) 36 S.W. (2d) 700; or it may be such that by amendment it is shown to have been removed or waived as was done in the second appeal of the McCamant Case (Tex. Civ. App.) 203 S. W. 118. But the petition in cause No. 1729–A does not allege facts affirmatively showing a legal inhibition or bar to recovery, hence ap-

pellants' propositions based upon this ground cannot be sustained.

The nearest approach of the petition in cause No. 1729–A to allegations affirmatively showing a legal inhibition against recovery was that the vendor's lien notes, a part of the contract or conveyance sought to be rescinded, were shown to have become due October 1, 1916–17. If the petition had contained no further allegations in this respect, it having been filed September 27, 1928, more than four years after the notes were due, there would have affirmatively appeared upon the face of the petition that the plaintiff was by statute prevented from proving his cause of action, and legal inhibition against recovery would affirmatively appear upon the facts alleged by reason of Article 5521, R. S. 1925, which was in effect at that time, and provided that vendor's lien notes are conclusively presumed to have been paid after the expiration of four years from maturity. But this impediment was removed by the further allegation of fact and conclusion "that said notes have been renewed and extended and are now valid liens." It is pointed out by appellants that this allegation does not allege they were renewed in writing as required by statute. But this defect could only be reached by special exception, since under general demurrer it would be inferred from the allegation, "and are now valid liens," that they were renewed in a lawful manner.

 As to the second group of propositions under appellants' assignment directed at the petition in cause No. 1729–A, contending that it is lacking in allegations of fact sufficient to state the cause of action for rescission, and for such reason the judgment by default based thereon is void, we are of the opinion that the petition is not subject to the criticisms directed at it by these propositions. A judgment not based upon any pleadings is void. Hart v. Hunter, 52 Tex. Civ. App. 75, 114 S. W. 882. But there is difference between no pleadings, or a petition which from the facts alleged shows affirmatively that plaintiff has no cause of action upon the facts stated, and a petition which is merely lacking in allegations of fact sufficiently to fully state the cause of action. In the latter case it may be subject to a general demurrer and would be reversed upon appeal from an adverse ruling of the trial court. Yet the same petition may be sufficient to prevent a judgment by default from being void; for, if it states the nature of the cause of action determined by the judgment and is of a class over which the court has potential jurisdiction, it invokes the active jurisdiction of the court, and its sufficiency in regard to the fullness of facts is a matter for determination by the trial judge entering the judgment. An error committed by the trial court in its deliberation upon the sufficiency of the petition in this respect would not in legal effect be different from an error committed in rendering the judgment upon insufficient facts proven, and would not render the judgment void. Freeman on Judgments (5 Ed.) vol. 1, § 365, p. 765. However, if the pleadings do not invoke the jurisdiction of the court upon the subject-matter determined by the judgment, it is void. Sandoval v. Rosser (Tex. Civ. App.) 26 S. W. 930; Morgan v. Davis (Tex. Civ. App.) 292 S. W. 610. To illustrate: A judgment in the district court decreeing a divorce could not be sustained upon a petition alleging trespass to try title only. But the petition in cause No. 1729–A does not yield to any of the above criticisms. It is subject to a number of special exceptions, but special exceptions are not grounds for vacating the judgment. When viewed under the liberal rules expressed by the Supreme Court for so determining, the petition in cause No. 1729–A is not subject to a general demurrer. Rule 17 of the Supreme Court, 20 S. W. XII, provides: "General exceptions shall point out the particular instrument in the pleadings, to-wit, the original petition or answer, or the respective supplements to either; and in passing upon such general exception every reasonable intendment arising upon the pleading excepted to shall be indulged in favor of its sufficiency."

In Garza v. Kenedy (Tex. Com. App.) 299 S. W. 231, 233, we find construction placed upon the above rule as follows: "In testing the sufficiency of a petition by a general demurrer, much liberality is indulged by the courts, even though much of the pleading is made up of what is generally termed 'conclusions of the pleader,' drawn from the facts not revealed. Yet, such a defect in pleading can only be reached by special demurrer against that defect and cannot be reached by general demurrer. Bragg v. Houston Electric Co. (Tex. Civ. App.) 264 S. W. 245; Saner-Ragley Lbr. Co. v. Spivey (Tex. Civ. App.) 255 S. W. 193."

 What has been said determines that the trial court did not err in sustaining the general demurrer to appellants' petition in the present cause wherein it attacked the judgment in cause No. 1729–A as being void. But the trial court did err in sustaining a general demurrer to that part of plaintiffs' petition attacking the judgment in cause No. 1729–A as being voidable; it being a direct attack upon said judgment, for the reasons that if the facts alleged in the petition in this case are proven, they destroy the apparent validity of the judgment, namely, lack of jurisdiction over the person of J. P. Ritch in cause No. 1729–A; and that J. P. Ritch had good grounds of defense to Jarvis' petition in cause No. 1729–A. It alleges that, though the judgment in cause No. 1729–A recites service, no citation was in fact served upon nor jurisdiction in any manner obtained over J. P. Ritch. For grounds of defense

to cause No. 1729–A, the petition in the present case alleges that Jarvis fraudulently concealed the fundamental facts and equities existing between the parties from the court in procuring the judgment in cause No. 1729–A, and which if they had been revealed would have defeated Jarvis' prayer in equity for cancellation and rescission. The petition in this respect further alleging credits due to have been applied on the notes reducing the amount due on the notes to less than $800 instead of $1,748.60 alleged by Jarvis' petition in cause No. 1729–A, and that the actual market and intrinsic value of the land was at the time $3,500, instead of "not worth the amount due upon the notes" as alleged by Jarvis; that Jarvis' right of rescission had been waived by indulgence in extended time, and acceptance of payments and credits, after the notes and renewals thereof had become due, and by reason of which Jarvis was estopped to claim or assert rescission; and that subsequent thereto "J. P. Ritch legally made assignments, and gave chattel mortgages to Jarvis & Company on the crops produced each year on the premises in consideration of the balance due on and the express release of the vendor's lien retained. in said purchase money obligation," and that time of payment of said indebtedness had been extended and was not due at the time suit was filed thereon, and that the acts and agreements of the parties relating thereto constituted a waiver, and estoppel of any right of cancellation and rescission. A copy of one of which mortgages dated April 2, 1927, is made a part of plaintiffs' petition, marked Exhibit G. Appellees contend that this mortgage does not evidence intention to release the vendor's lien. It contains the following terms, "To further secure my/our indebtedness to Jarvis & Company * * * evidenced by two vendor's lien notes," describing the notes, and the amount due thereon. It pledges one-fourth of all cotton and one-third of all corn, or customary rents on any other crops of every description on the land, for 1927 and 1928, and further recites ' "This rent mortgage is given as additional security for the above described vendor's lien notes." * * * "Also this mortgage is given to further secure the above described notes and does release the vendor's lien." The above-recited terms of the mortgage, other than the latter part of the last clause quoted, clearly evidences the intention of the parties from the whole of the instrument that the mortgage was given to further secure the indebtedness and in addition to and not in lieu of the vendor's lien reserved in the notes. The latter part of the last clause, "and does release the vendor's lien," should yield to the expressed purpose of the parties as evidenced by the terms of the instrument as a whole. Since the mortgage as a whole clearly evidences the intention of the parties to have executed it as further and

additional security, we are not of the opinion that the terms of the instrument alone on its face constitute a release or waiver of the vendor's lien. Price v. Briggs (Tex. Civ. App.) 217 S. W. 236; Ellis v. Singletary, 45 Tex. 27; Faver v. Robinson, 46 Tex. 204.

 Appellants' petition shows that J. P. Ritch did not learn of the judgment until after the adjournment of the court at which it was rendered, but that he did learn of it before the expiration of six months, the time within which to file a petition for writ of error to the Court of Civil Appeals. By reason of which appellees contend that plaintiffs' petition to vacate and set aside the judgment shows that J. P. Ritch was negligent in not availing himself of his legal remedy of appeal by writ of error, citing Southern Surety Co. v. Texas Oil Clearing House (Tex. Com. App.) 281 S. W. 1045, and for this reason the general demurrer thereto was rightfully sustained by the trial court. The alleged vice in the judgment and the defenses thereto did not appear of record, but were all de hors the record, and could not have been presented by Ritch to the appellate court on appeal by writ of error; therefore J. P. Ritch was not negligent in failing to appeal by writ of error, from which he could not have received any relief, and appellees' contention in this respect is unsound.

 Appellees further respectfully contend that appellants' petition alleged facts constituting an extrajudicial rescission in that it alleged that Jarvis took possession of the land, and it showed an abandonment of the contract on the part of Ritch in that it failed to allege that Ritch thereafter demanded possession or offered to pay the balance due on the notes until two years and eight months thereafter. We are not of the opinion that plaintiffs' petition can in any manner be properly construed to allege or confess an extrajudicial rescission by Jarvis of the conveyance contract of the land, for the reasons therein alleged as grounds of defense to Jarvis' claim of right to rescind, as above mentioned.

 Appellees assert that, as to the defendants in this suit holding the legal title to the land under the judgment by conveyance from S. Jarvis, appellants' petition was subject to general demurrer, contending in this respect that it failed to allege that such defendants were not innocent purchasers. The judgment on its face is regular in form reciting service and showing jurisdiction of the subject-matter, and vested the legal title to the land in S. Jarvis. Certain defendants held under regular mesne conveyances from S. Jarvis. These defendants are presumptively innocent purchasers. They are the alleged holders of the legal title under regular conveyance from S. Jarvis. Plaintiffs are the alleged owners

of the equitable title, in that their cause of action is a suit in equity to set aside the judgment and recover the legal title. When the holder of the equitable title seeks to recover the legal title from a subsequent purchaser thereof, the burden is on him to plead and prove that such holder of the legal title is not an innocent purchaser. Elliott v. Wallace (Tex. Civ. App.) 42 S.W.(2d) 1058; Crow v. Van Ness (Tex. Civ. App.) 232 S. W. 539; Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325, 328; Teagarden v. R. B. Godley Lbr. Co., 105 Tex. 616, 154 S. W. 973; Day v. Johnson, 32 Tex. Civ. App. 107, 72 S. W. 426. In regard to notice on the part of defendants, the petition of the plaintiffs in the case before us, after describing said conveyances to said defendants from Jarvis, alleges: "Plaintiffs say that said conveyances and instruments of conveyance are each and all wholly invalid, insufficient, void and unsupported by any title and that the same are wholly dependent upon the judgment and the proceedings hereinabove referred to and that the same are without any binding force and effect and should be annulled, cancelled and held for naught, for the reasons, in the particulars and by virtue of the facts hereinafter set out; that each of the parties taking and holding under such conveyances had actual and constructive notice of the infirmities in said proceedings and took the same subject thereto."

Following the above allegations, the petition fully and in detail alleges the facts upon which plaintiffs seek to vacate the judgment and recover the land. We are of the opinion that the petition in this respect, as above indicated, sufficiently alleges notice on the part of the defendants claiming the legal title by mesne conveyances under S. Jarvis, and that it was not subject to a general demurrer.

The judgment of the trial court is reversed, and the cause remanded.