**MOORE et al. v. HUMBLE OIL & REFIN-ING CO. et al.**

No. 3245.

Court of Civil Appeals of Texas. El Paso. July 11, 1935.

Rehearing Denied Sept. 12, 1935.

W. A. Wade and Wynne & Wynne, all of Longview, for plaintiffs in error.

Joe S. Brown and Robt. F. Higgins, both of Houston, and T. B. Stinchcomb and Campbell & Leak, all of Longview, for defendants in error.

PELPHREY, Chief Justice.

On February 2, 1884, M. J. Carter, executrix, conveyed 66⅔ acres of land (the subject-matter of this suit) to William Moore. At that time William Moore was married to Belle Moore, and they had four children: Tol, Lula, Ada, and William, Jr. On September 6, 1917, and after Belle Moore's death, William Moore, Tol Moore and wife, Lula Brown and husband, Ada Anderson and husband, and William Moore, Jr., and wife, conveyed this property together with another tract to P. M. Bramlette, for the recited consideration of $1,000 in cash and three notes aggregating $1,000, payable to W. A. Moore or order.

The acknowledgment of Ada Anderson to the deed was insufficient.

On December 1, 1917, P. M. Bramlette and wife conveyed the land to W. A. Moore, for the recited consideration of the cancellation of the vendor's lien notes given by Bramlette in the deed to him and the further execution of a $500 note payable to Bramlette one year from date. In December, 1917, W. A. Moore, conveyed 26⅔ acres off the north end of the land in suit to Tol Moore.

December 3, 1919, W. A. Moore and wife, Minnie Moore (he having remarried), Ada Anderson and husband, Tol Moore and wife, conveyed 100 acres of land, of which the land here involved is a part, to J. R. Castleberry for the recited consideration of $3,000, $1,500 in cash and $1,500 in vendor's lien notes, payable to W. A. Moore.

Walter Williams, designated as "father of Asa Williams, deceased," on February 27, 1922, executed a quitclaim deed to the land in controversy to Castleberry. On May 10, 1922, Castleberry deeded the land to Annie Castleberry Adams and her husband, J. M. Adams; the recited consideration being $5 and the assumption of $1,200 loan due the Federal Land Bank of Houston.

In November, 1928, J. M. Adams and Annie Castleberry Adams executed an oil

and gas lease on the land to the Humble Oil & Refining Company, who in turn transferred a one-third interest to the Gulf Production Company.

On February 22, 1933, this suit was filed with Nora Moore, widow of Wm. Moore, deceased, Willie Mae Moore, Henry T. (Tol) Moore, and Ada Moore Anderson, joined pro forma by her husband, Taylor Anderson, as plaintiffs, and Humble Oil & Refining Company, a corporation, Gulf Production Company, a corporation, and Mrs. J. M. Adams, as defendants; Willie Mae Moore, claiming an interest in the land as the only child of Wm. Moore, deceased, who died on November 11, 1919.

The suit is in trespass to try title and for damages. Defendants in error answered by general demurrer, a general denial, a plea of not guilty, plea of limitations under the three, five, and ten year statutes, and that they were innocent purchasers for value, without notice.

At the conclusion of the testimony, the trial court instructed the jury to return a verdict for the defendants in error, and upon such verdict judgment was rendered that plaintiffs in error take nothing. The case is now before this court on a writ of error.

### Opinion.

Plaintiffs in error present four propositions in which the judgment is attacked as being fundamentally erroneous in: (1) That the undisputed evidence shows Willie Mae Moore was entitled to recover an undivided interest in the land; (2) that the evidence raised an issue as to whether defendants in error were put upon inquiry as to the interest of Nora and Willie Mae Moore; (3) that the issue of whether defendants in error were innocent purchasers for value and without notice was a controverted one, especially as to Mrs. Adams; and (4) that defendants had failed to support their plea of limitations.

We think it well settled that the interest of plaintiffs in error in the land was purely equitable. Mitchell v. Schofield, 106 Tex. 512, 171 S. W. 1121. And we cannot agree that the reconveyance by Bramlette to Moore, Sr., with a cancellation of the notes as part of the consideration, placed the legal title in all of the grantors in the deed to Bramlette. The notes in that deed were made payable to Moore, Sr., and therefore the other grantors had no interest in the land; their part of the consideration evidently having been paid in full.

It is also well settled that a party seeking to ingraft an equity upon a legal title has the burden to prove notice thereof to the purchaser of the legal title. Texas Loan Agency v. Taylor, 88 Tex. 47, 29 S. W. 1057.

In the deeds in this record there are no recitals showing that Tol Moore, Ada Anderson, Lula Brown, and William Moore, were the children of Moore, Sr., and Belle Moore, or that Belle Moore was the deceased wife of Moore, Sr. The fact that Ada and Tol joined in the deed to Castleberry would not give notice of an interest in those not joining. Tol had a deed for 26⅔ acres, while Ada's acknowledgment to the Bramlette deed was defective. These facts would readily account for their signatures. It follows therefore, that such recitals were insufficient to give notice to defendants in error or to put them on inquiry. Gilmer's Estate v. Veatch, 102 Tex. 384, 117 S. W. 430.

The only evidence in the record as to actual notice is the statement of Moore, Sr., that he told Castleberry that the two children who did not join in that deed had an interest in the land.

This of course, would not be binding upon the now owners of the land unless they did not pay a valuable consideration for the land or had notice thereof.

There is no suggestion here that either of the oil companies failed to pay a valuable consideration or had such notice. As to them, therefore, the court properly instructed a verdict.

Plaintiffs in error contend that Mrs. Adams cannot claim to be a purchaser in good faith because the consideration in the deed to her and her husband was the assumption of a debt on the property by which she, being a married woman, was not bound. While it is well established that a married woman will not be bound personally by her assumption agreements, yet here Mrs. Adams is not only claiming as a grantee in the deed from Castleberry, but also as an heir of her husband, J. M. Adams, who as a grantee in the deed from Castleberry was bound by his assumption. Therefore, if we concede that she could not occupy the position of innocent purchaser because of the fact that the only consideration paid by her was the assumption of an outstand-

ing indebtedness, yet, the record showing that she was the surviving spouse and that there were no children, she would, we think, be entitled to assert a claim as an innocent purchaser by reason of such inheritance.

It further appears from the uncontradicted evidence that while a portion of the indebtedness against the property was paid by Mrs. Adams after this suit was filed, the major part of it was paid before she had any notice of the claim of plaintiffs in error.

Plaintiffs in error have nowhere offered to reimburse her for the payments so made.

It further appears that the holder of the indebtedness was not the vendor but an innocent third party, and that Mrs. Adams was obliged to either make the payments specified or lose the property.

Finding no reversible error presented by the plaintiffs in error, the judgment is affirmed.