**TARKENTON et al. v. MARSHALL et al.**

No. 4801.

Court of Civil Appeals of Texas. Texarkana.

Feb. 6, 1936.

Rehearing Denied Feb. 13, 1936.

Taylor, Storey & Dotson, of Longview, for appellants.

W. H. Reid and Bailey, Nickels & Bailey, all of Dallas, for appellees.

JOHNSON, Chief Justice.

This suit was filed by appellee Mrs. M. B. Marshall, joined pro forma by her husband, N. H. Marshall, in form of trespass to try title to recover of the defendants Wilton L. Tarkenton, E. W. Tarkenton, L. W. Tarkenton, Miss Genevieve Woods, the Texas & Pacific Railway Company, the Gladewater Baptist Church, and L. E. Waghalter, title and possession of an undivided one-half interest in the mineral leasehold estate of seven-eighths of the oil and gas minerals in and to block 30 of the town of Gladewater, Gregg county, Tex. Hugh S. White intervened as a party defendant, claiming title to a two-thirds undivided interest in and to the property, and that he was an innocent purchaser for value of same. Plaintiffs dismissed their suit as to all the defendants except Wilton L. Tarkenton, E. W. Tarkenton, L. W. Tarkenton, and Hugh S. White. Plaintiffs filed a supplemental petition in which they alleged in substance that on or about January 15, 1931, Mrs. M. B. Marshall and L. W. Tarkenton entered into an agreement in Wichita county, Tex., by the terms of which she was to furnish L. W. Tarkenton such expense money as she was

able to furnish, and that she was to have a one-half interest in all leases obtained by L. W. Tarkenton; that under such agreement she had furnished L. W. Tarkenton approximately $800 to defray his expenses in procuring oil leases in East Texas; that during the existence of said agreement L. W. Tarkenton had acquired title to the seven-eighths leasehold estate in property in controversy in this suit; that if the title to the property in question was in the name of Wilton L. Tarkenton or E. W. Tarkenton or Hugh S. White, it was held in trust for L. W. Tarkenton and subject to the terms of her alleged agreement with L. W. Tarkenton. She further alleged that said defendants Wilton L. Tarkenton, E. W. Tarkenton, and Hugh S. White nor either of them were innocent holders for value of the property. She further alleged that a settlement agreement executed by her with L. W. Tarkenton on January 6, 1932, whereby she accepted a conveyance of a one-third undivided interest in certain property and on which there was located an oil well known as the "Johnson Lease" in full and complete satisfaction of her interests in all property to which she was entitled under her agreement with L. W. Tarkenton and releasing L. W. Tarkenton from further liability under the agreement, was procured through fraud of the said L. W. Tarkenton.

The defendants filed a general denial, plea of not guilty and specially set up as a defense said release dated January 6, 1932, executed by Mrs. M. B. Marshall and husband to L. W. Tarkenton.

The case was tried to a jury, and upon their verdict in answer to special issues the court rendered judgment for Mrs. M. B. Mashall against the defendants and each of them including the defendant intervener, Hugh S. White, decreeing to Mrs. Marshall title to one-half undivided interest of the seven-eighths leasehold in said block 30 of the town of Gladewater. Judgment was also rendered in favor of the plaintiff and against the defendants for the sum of $15,000 damages, but this portion of the judgment was set aside upon remittitur being filed by plaintiffs.

Appellants complain of the action of the trial court in refusing to peremptorily instruct the jury in their favor; and of the action of the trial court in refusing their motion for judgment non obstante veredicto; and in refusing to set aside the verdict of the jury because not supported by the testimony. We are of the opinion that the assignments are well taken.

The record reflects that Hugh S. White is the record owner of a two-thirds undivided interest in the leasehold estate in controversy, and that Genevieve Woods owns the other one-third. In support of her pleadings, plaintiff first called to the witness stand defendant L. W. Tarkenton, with whom it is alleged she had the agreement whereby she would furnish his expense money, and he was to come to East Texas and acquire oil and gas leases in which they would each be equally interested. The witness testified that he had an agreement with the plaintiff in Wichita Falls, verbal, and to the effect, in substance, as alleged by her. He alleged that he first came to Bowie county and acquired leases upon about 20,000 acres of property; that the leases were conveyed to plaintiff, Mrs. Marshall; that about July, 1931, he went to Gladewater; that he negotiated a lease on the Johnson property consisting of one acre, one-third of which went to his son E. W. Tarkenton for drilling the well, and one-third to Judge Woods for assisting in financing the project and one-third jointly to himself (L. W. Tarkenton) and Mrs. Marshall; that this proved to be a good producing well. That he then acquired a lease on what is designated in the record as the Camp Switch property, and that it was attempted to be produced under an agreement whereby Judge Woods assisted in financing the project for one-third interest and whereby he and Woods contracted with his son E. W. Tarkenton to pay him $12,000 for the drilling of a well on the Camp Switch property. This well proved to be a dry hole. The project resulted in L. W. Tarkenton's owing as his part of the drilling indebtedness to his son the sum of $9,000. L. W. Tarkenton denied owning or having ever acquired any interest of any character in the property in controversy. He testified that he assisted his son Wilton L. Tarkenton in negotiating with the fee owners at the time Wilton L. Tarkenton purchased the leases on the property in controversy, but that he (L. W. Tarkenton) acquired no interest therein. The leases introduced in evidence by the plaintiff appear to have been taken in the name of Wilton L. Tarkenton. It further appears that Wilton L. Tarkenton drilled a well on the property at his own expense, and that it is a producer. L. W. Tarken-

ton denied having contributed any of the purchase money for the property or anything toward the drilling of the well.

Mrs. M. B. Marshall's testimony is to the effect that she did not know anything about the transaction with respect to the property in controversy. Mrs. John W. Woods testified to the effect that she had heard the defendant L. W. Tarkenton tell her husband, Judge Woods, that Mrs. Marshall had an interest in the property in block 30. Plaintiff introduced a number of letters written her by defendant L. W. Tarkenton, none of which show or indicate that L. W. Tarkenton had acquired any interest in block 30, the property in controversy. The above constitutes the substance of plaintiff's testimony. The defendants Wilton L. Tarkenton and E. W. Tarkenton testified to the effect that the leasehold in controversy was acquired by Wilton L. Tarkenton and in his name; that L. W. Tarkenton had no interest in the property; that Wilton L. Tarkenton leased from E. W. Tarkenton a drilling rig at a consideration of $1,000 per month and that he, Wilton L. Tarkenton, financed the drilling of the well, with the assistance of Judge Woods, whose daughter, Genevieve Woods, in this manner acquired the one-third interest in the property which she now owns; and that he, Wilton L. Tarkenton, had sold and conveyed his two-thirds interest to Hugh S. White. The assignment to Hugh S. White recites a consideration of $10 and other valuable consideration paid. The record further shows that L. W. Tarkenton conveyed to Mrs. Marshall all the one-third interest which the two (L. W. Tarkenton and Mrs. Marshall) had acquired in the Johnson well and leasehold. And that Mrs. Marshall has received the oil runs from said well to the amount of something over $1,700.

■ The evidence is insufficient to show that L. W. Tarkenton owned or that he ever acquired under his agreement with Mrs. Marshall any interest in block 30, the property in controversy, or that he ever owned or ever acquired any interest in said property at all. Further, the evidence is insufficient to show that Wilton L. Tarkenton and Hugh S. White, or either of them, hold the title in trust for L. W. Tarkenton or for L. W. Tarkenton and Mrs. Marshall; and the evidence is insufficient to show that the property was acquired or held by Wilton L. Tarkenton or the present record owner, Hugh S. White,

under facts or circumstances which would authorize the court to declare a resulting trust in favor of L. W. Tarkenton or the plaintiff, Mrs. Marshall.

■ The rule is that evidence relied upon to ingraft a parol trust upon the legal title to land must be such as will satisfy that high standard of probative force indicated by the expression "clear, satisfactory and convincing." Elder v. King (Tex.Civ.App.) 69 S.W.(2d) 479, 482. While a parol trust may be ingrafted upon a legal title to land in order to show that the one holding the legal title is holding it in trust either express or under circumstances whereby the court will declare that a trust has resulted, but the evidence to do so must be of a clear and convincing nature. "It is against the policy of the law that a written instrument should be shown by parol testimony to have an effect different from that which its terms import, except upon very strong proof." Howard v. Zimpelman (Tex.Sup.) 14 S.W. 59, 62. "Perhaps there is no fact which, in the trial of civil causes, is required to be so satisfactorily proved as that which engrafts a parol trust upon the legal title. * * * Whilst it is not necessary that it should be established beyond a reasonable doubt, nothing must be left to conjecture, nor must presumptions be indulged which are not the usual and almost necessary deductions from the facts proved." King v. Gilleland, 60 Tex. 271. The evidence relied upon by plaintiffs in this case is insufficient to meet the rule requiring it to be "clear, satisfactory and convincing," in order to ingraft a parol trust upon the legal title held by another.

■ The appellant Hugh S. White further complains of the action of the trial court in overruling his exceptions to the court's charge wherein the court in submitting the issue placed the burden of proof upon the defendant Hugh S. White to prove that he was an innocent purchaser, whereas the court should have placed the burden of proof upon the plaintiff (claiming an equitable title to the land) to show that Hugh S. White (holder of the legal title to the land) was not an innocent purchaser. This assignment is also well taken. Teagarden v. R. B. Godley Lbr. Co., 105 Tex. 616, 154 S.W. 973; Ritch v. Jarvis (Tex.Civ.App.) 64 S.W. (2d) 831.

The judgment of the trial court will be reversed, and the cause remanded.