MIDLAND NATIONAL BANK & TRUST COMPANY, Respondent, vs. PETERSON, Appellant.

*September 12—October 11, 1938.*

For the appellant the cause was submitted on the briefs of *Morris E. Yager* of Frederic.

For the respondent there was a brief by *F. E. Yates,* and oral argument by *Spencer W. Yates,* both of Amery.

WICKHEM, J.   On July 21, 1933, one Johnson executed a chattel mortgage upon a certain Plymouth sedan to A. B.

Wagner to secure the sum of $290.16, due July 21, 1934. On July 8, 1935, Johnson bought a new car from defendant, trading in the mortgaged car and receiving an allowance of $222 for it. On July 29, 1935, Wagner called at the farm of Johnson to demand the last payment on the debt secured by the chattel mortgage. On August 27, 1935, Peterson sold the car to one Holmberg. On September 2, 1935, the mortgagor died, and a few days after that Wagner saw defendant Peterson, informed him that he held a mortgage against the car, and showed the defendant a note which the mortgage secured. At that time he made no demand for the mortgaged car but merely proposed that defendant and he split the profit on its resale. On November 2, 1936, the chattel mortgage was assigned by Wagner to plaintiff, and shortly thereafter notice given defendant that plaintiff owned the note and mortgage and demanded payment of balance of $225, claimed to be due. The chattel mortgage was filed on November 8, 1933, in the office of the register of deeds of Burnett county, where Johnson resided. Defendant did not search the records or know at the time he made the trade that there was any mortgage on the car.

Defendant's first contention is that upon the undisputed facts there was no conversion of the car. We see no escape from this contention. In *Illinois T. & S. Bank v. Alex. Stewart L. Co.* 119 Wis. 54, 94 N. W. 777, it was held that while a chattel mortgagee holds the legal title to the property mortgaged, his interest is special and limited to the amount of the mortgage indebtedness; that the general property and equitable title being in the mortgagor, the latter may sell and convey a good title subject to the mortgage; and that the special interest of the mortgagee, until it becomes absolute, may be extinguished by the owner of the general property by payment of the mortgage indebtedness. This is in accordance with the modern rule that for all practical purposes chattel mortgages are mere liens. It follows from what has

been said that the mere purchase of the car by defendant or his later resale of it did not constitute a conversion on his part. Since the chattel mortgage was properly recorded, defendant took the automobile subject to plaintiff's mortgage, and plaintiff may take such steps to have the collateral applied to the debt as are permissible in the case of any chattel mortgagee whose debt is in default.

Several other questions are raised by appellant, but since the foregoing disposes of the appeal, no purpose will be served by discussing them.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.