CITIES SERVICE OIL CO. *v.* DUNLAP ET AL.

No. 28. Argued November 8, 9, 1939.—Decided December 4, 1939.

*Mr. Clayton L. Orn,* with whom *Messrs. David B. Trammell* and *Hayes McCoy* were on the brief, for petitioner.

*Mr. Angus G. Wynne* for respondents.

Opinion of the Court by MR. JUSTICE MCREYNOLDS, announced by MR. CHIEF JUSTICE HUGHES.

This cause is here in order that we may decide whether the Circuit Court of Appeals wrongly declined to follow the rule of the Texas courts prescribing how and by whom the facts should be shown where one party to a contest concerning ownership of land claims the legal title as bona fide purchaser. We have considered that point only and conclude the ruling below was error. In consequence the challenged judgment must be reversed. The cause will be remanded for final determination upon the entire record consistent with this opinion.

Prior to 1899 Louisa Rogers owned a rectangular tract of land—320 acres—in Gregg County, Texas. In February of that year her heirs—J. F. Rogers and his three brothers—divided this by deeds, duly executed and recorded. One of these conveyed to J. F. Rogers sixty-eight acres out of the northwest portion of the tract, described by metes and bounds. The north line was said to begin at a specified point and to run thence west 440 yards to "Wiley Davis N. E. corner." There the boundary turns south and runs for eight hundred and eighty yards, thence east, &c. Measured on the ground, 440 yards ends sixty-six feet east of Davis' corner. This discrepancy gave occasion for the present controversy over the sixty-six foot strip lying between a south-line from Davis' corner and a parallel one, sixty-six feet to the east. The interest asserted by respondents rests upon the theory that by intention this was left undivided.

In 1930 J. F. Rogers' heirs granted an oil and gas lease to all land described in the 1899 deed to him. By assignments and succession, petitioner Oil Company became owner of this. The conveyances were duly recorded.

In 1934 respondent Dunlap obtained from the three brothers of J. F. Rogers and his heirs, a lease of the major part of the sixty-six foot strip above described. Title to this is the subject of the present controversy.

Claiming that the land described in the Dunlap lease of 1934 was within the boundaries of its earlier one (1930), petitioner filed an original bill in the United States District Court to remove the cloud. Dunlap and the Rogers appeared and denied the material allegations. A cross-bill set up their recorded deed and alleged that the call in the 1899 deed to J. F. Rogers for "Davis' northeast corner" was inserted through inadvertence and mistake; that the distance call controlled; that the purpose of the parties was to establish the western terminus of the north line sixty-six feet east of Davis' corner and leave a strip on the west in common ownership.

Petitioner denied the allegations of the cross-bill and asserted that it and its predecessors were purchasers of the recorded legal title for value in good faith and without notice of mistake.

The District Court ruled in favor of Dunlap. The Circuit Court of Appeals affirmed. 100 F. 2d 294; 101 id. 314.

In the latter court petitioner maintained that under the established Texas rule, on an issue of bona fide purchaser for value without notice, the burden of proof is upon him who attacks the legal title and asserts a superior equity. It cited *White* v. *Hix*, (Texas) 104 S. W. 2d 136, 139–140,[1] and insisted that *Erie R. Co.* v. *Tompkins*, 304 U. S. 64, required observance of the local rule.

---

[1] "It is thoroughly settled that one who claims a superior equitable title to land as against one who has purchased from the holder of the

The court recognized the existence of the Texas rule as claimed but thought a different and better one was generally approved and should be followed. It said—

"In the present case the appellant is the original complainant, seeking a decree quieting its title. It has entered a court of equity, asking equity and bound to do equity. The defendants in their answer set up a mistake, correctable in equity, in the partition deed made to complainant's grantor, J. F. Rogers. Complainant replies, denying the alleged mistake and alleging additionally in very general terms that it and its predecessors in title purchased in good faith, paying value for the oil and gas lease it holds in reliance on the deed as written, and without notice or knowledge of the claim now asserted that the call for the Wiley Davis northeast corner was inserted by mistake. There was no further pleading."

"Issue stands joined on the new facts alleged by this complainant's reply concerning its purchase for value without knowledge or notice. It seems to us that the burden of proving these facts ought reasonably to rest on the complainant, both because it has alleged them and they are essential to its success, and because they are peculiarly within its knowledge. . . . What the complainant itself paid, and with what knowledge, it of course knows and could easily prove. There is a failure of evidence, not only as to bona fides and want of notice,

---

legal title must show that such purchaser did not purchase for value or purchased with notice of the outstanding equity. *Teagarden* v. *R. B. Godley Lumber Co.*, 105 Tex. 616, 154 S. W. 973; *Commonwealth B. & L. Ass'n* v. *Howard* (Tex. Civ. App.) 61 S. W. (2d) 546; *Moore* v. *Humble Oil & Ref. Co.* (Tex. Civ. App.) 85 S. W. (2d) 943, 944; *Tarkenton* v. *Marshall* (Tex. Civ. App.) 91 S. W. (2d) 473. The same rule applies in favor of lien holders. *Texas Loan Agency* v. *Taylor*, 88 Tex. 47, 29 S. W. 1057; *McAlpine* v. *Burnett*, 23 Tex. 649, 650." And see *Ritch* v. *Jarvis*, (Texas) 64 S. W. 2d 831, 834–835.

but as to what was paid and to whom, and when and how; the details of which the maker of this plea has from the earliest time been held bound to allege and, when put in issue, to prove."

"This seems to us a matter of practice or procedure and not a matter of substantive law. There is no question as to what are the rights of a bona fide purchaser, or as to whether the facts established make complainant out such, but only a question of how and by whom the facts shall be shown to the court. Such matters are not within the decision in *Erie R. Co.* v. *Tompkins*, and the cases following it."

"We have here not a case where a Texas statute has created the right asserted, or has created a presumption, or is in any manner to be applied as construed in Texas. The question is simply what is the proper practice in courts of equity. The practice followed in the State courts of Texas, where equity courts as such do not exist, is not controlling."

We cannot accept the view that the question presented was only one of practice in courts of equity. Rather we think it relates to a substantial right upon which the holder of recorded legal title to Texas land may confidently rely. Petitioner was entitled to the protection afforded by the local rule. In the absence of evidence showing it was not a bona fide purchaser its position was superior to a claimant asserting an equitable interest only. This was a valuable assurance in favor of its title.

*Central Vermont Ry. Co.* v. *White*, 238 U. S. 507, 512, considered an analogous situation and pointed out the principle presently applicable. Proof that petitioner did not purchase for value and in good faith was "part of the very substance" of respondents' cause.

Sundry arguments advanced here to support respondents' demand for affirmance, notwithstanding the er-

roneous pronouncement below, will be matter for consideration when the cause comes again before the Circuit Court of Appeals.

*Reversed.*