## UNITED STATES v. ROGERS & ROGERS.

### No. 115 Civil.

District Court, D. Minnesota, Third Division.

Jan. 9, 1941.

Victor E. Anderson, U. S. Atty., and Russell C. Rosenquest, Asst. U. S. Atty., both of St. Paul, Minn., for plaintiff.

Wilson & Blethen, of Mankato, Minn., for defendant.

SULLIVAN, District Judge.

This action was submitted on stipulation of facts.

On March 27, 1936, one Arnold Anfinson of Bayfield, Wisconsin, made, executed and delivered to the Administrator of the Resettlement Administration, now known as the Farm Security Administration, acting for and on behalf of the United States, his promissory note, wherein and whereby he promised to pay to said Administration the sum of $900 on or before March 1, 1941, with interest; and that as security for said note Arnold Anfinson made and delivered to said Administrator a chattel mortgage covering certain chattels in the State of Wisconsin. This mortgage was duly filed for record in the office of the Register of Deeds in and for Bayfield County, Wisconsin, on June 24, 1936.

The said mortgage was legally executed and filed in all respects, in accordance with the laws of Wisconsin.

The defendant is and was, for some time past, engaged in the business of livestock commission merchant, with its principal place of business at South St. Paul, Minnesota.

On March 9, 1939, said Anfinson delivered to the defendant for sale by the latter in the course of its business as a livestock commission merchant, two head of cattle described in and covered by said chattel mortgage, and the defendant, in the usual course of its business, sold said cattle for said Anfinson, and after deducting the usual commission, remitted to said Anfinson the sum of $80.23.

This suit is in conversion and brought to recover the sum of $80.23. The question presented is the right of the plaintiff to maintain this action for conversion.

 The action is in tort. It is argued by the government ·that the conversion took place in the State of Minnesota. The general rule is that the creation and extent of tort liability is governed by the law of the place where the tort was committed, that the action is transitory and may be brought wherever the wrongdoer may be found and jurisdiction obtained, but the law of the place where the right was acquired or the liability incurred will control as to the right of action. Herrick v. Minneapolis & St. Louis Railway Company, 31 Minn. 11, 16 N.W. 413, 47 Am. Rep. 771.

 It is elementary that before a tort can be committed there must be an invasion of a legal right. Torts may be divided into two general classes, those designated as property torts, embracing all injuries and damages to property, real or personal, and those known as personal torts, including all injuries to the person.

 The right of the plaintiff to maintain this action for conversion must depend necessarily upon the rights granted to him under the law of Wisconsin. The chattel mortgage given on property in Wisconsin is the foundation of those rights. In determining whether or not an action for conversion will lie, we must be guided by the terms and conditions of the chattel mortgage and the rights created thereby, and to determine such rights we must look to the common or statutory law of Wisconsin. There is no statutory law on the subject in Wisconsin, but the courts of Wisconsin have determined the rights which accrue to the mortgagee under such circumstances, and the rule established by state decisions must be followed. See Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Ruhlin et al. v. New York Life Insurance Company, 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290; Cities Service Oil Company v. Dunlap, 308 U.S. 208, 60 S.Ct. 201, 84 L.Ed. 196.

 The gist of an action in conversion is a wrongful assumption of dominion and control over· property. The law of Wisconsin is that neither a sale by the mortgagor of property subject to a chattel mortgage, nor a subsequent sale by his vendee constitutes a conversion of the property described in the chattel mortgage. See Strelow et al. v. Bohr et al., 234 Wis. 170, 290 N.W. 603; Midland National Bank & Trust Company v. Peterson, 229 Wis. 19, 281 N.W. 683.

 The question may then arise as to whether the right to maintain an action for conversion by the mortgagee is substantive or remedial. The substantive rights of the parties to an action are governed by the lex loci, that is, the law of the place where the right was acquired or the liability was incurred which constitutes the claim or cause of action. See Ormsby v. Chase, 290 U.S. 387, on page 388, 54 S. Ct. 211, 78 L.Ed. 378, 92 A.L.R. 1499. On the other hand, the law ·of the jurisdiction in which relief is sought controls as to all matters pertaining to remedial as distinguished from substantive rights. See Pritchard v. Norton, 106 U.S. 124, on page 129, 1 S.Ct. 102, 27 L.Ed. 104; Federal Surety Company v. Minneapolis Steel & Machinery Company, 8 Cir., 17 F.2d 242.

In Pritchard v. Norton, supra [106 U.S. 124, 1 S.Ct. 106, 27 L.Ed. 104], the Court said: "The principle is that whatever relates merely to the remedy and constitutes part of the procedure is determined by the law of the forum, for matters of process must be uniform in the courts of the same country; but whatever goes to the substance of the obligation and affects the rights of the parties, as growing out of the contract itself or inhering in it or attaching to it, is governed by the law of the contract."

 It is my opinion that the question of the right of the mortgagee to maintain

this action in conversion goes to the substantive rights of the parties. Determination of this question involves an interpretation of the rights, which plaintiff here claims were violated, and which were created under the chattel mortgage. We must be guided by the interpretation of those rights of the plaintiff under this Wisconsin chattel mortgage by the decisions of the State of Wisconsin, which, under the circumstances we have in this case, say that no rights of a chattel mortgage contract have been violated.

To sustain its position the government relies upon the case of Mason City Production Credit Association v. Sig Ellingson & Company, 205 Minn. 537, 286 N.W. 713, 715, wherein the Supreme Court of Minnesota had under consideration a suit in conversion for chattels sold by the defendant at South St. Paul, Minnesota, and which said chattels had theretofore been mortgaged in Iowa. The court held that such action could be maintained, but that case is not analogous to the case before me. The decisions of Wisconsin and Minnesota are not in accord that an action in conversion may be brought and maintained by the mortgagee. The Supreme Court of Minnesota, in passing upon the rights created by the Iowa chattel mortgage, stated: "The statute and decisions of Iowa and this state are in substantial accord that due filing of a chattel mortgage is notice to all the world of its existence and terms. The decisions of these two states are also in agreement that the holder of such mortgage, so filed where made, may in the courts of either state have his remedy against any one who has dealt with the mortgaged property in disregard or defiance of such holder's rights therein. That this practice is based on comity and not on any statute ought not to lessen its binding force, considering that it has been established law in both this and our neighboring state for over half a century."

The record in this case does not disclose the terms, conditions and covenants of the mortgage executed by Anfinson to the governmental agency. The note secured by the mortgage at the time of the institution of this suit and on this date is not due and payable.

It is my conclusion that the record does not disclose an invasion of any right of the plaintiff created by said chattel mortgage, and there having been no such invasion, this action in conversion cannot be maintained, and should be dismissed on the merits.

Findings of fact and conclusions of law in accordance herewith may be submitted by the defendant within ten days.