## MARK et al. v. CITY OF ORMOND BEACH.

## RUBIN v. CITY OF ORMOND BEACH.

### Civ. Nos. 2532–J, 2533–J.

United States District Court
S. D. Florida, Jacksonville Division.
July 10, 1953.

Horn & Ossinsky, Daytona Beach, Fla., for plaintiff.

Hull, Landis, Graham & French, Daytona Beach, Fla., for defendant.

SIMPSON, District Judge.

The sole question for determination under the defendant city's motion to dismiss and motion for more definite statement filed in each of these cases, is whether or not the provisions of Section 51.12, Florida Statutes Annotated [1] apply in an automo-

1. Sec. 51.12 Florida Statutes Annotated reads as follows:

"51.12 *Declaration; negligent operation of vehicle by person other than owner.* In any action brought by a person for damages claimed to have been sustained by reason of the negligent operation of a motor vehicle by a person other than the owner thereof, with respect to the element of liability of such owner for any such negligence of such driver of said vehicle, it shall be sufficient in the declaration filed in such action to allege operation of said vehicle by the driver thereof and the name of the owner thereof, without the necessity of alleging the legal relationship existing between such owner and driver or any other averments of fact related to authority or con-

sent of such owner with respect to the operation of said motor vehicle by the driver thereof. In any such action, should the owner of any such motor vehicle desire to urge as a defense therein a denial of liability for the alleged negligent acts of any such driver in the latter's operation of said vehicle, such defense shall be set forth in a special plea or special pleas to the declaration, particularly alleging the facts upon which said owner relies for his denial of liability for such acts of said driver. Upon trial of any such action, the plaintiff therein, with respect to the element of liability of said owner for such acts of said driver, shall be required only to prove by competent evidence the ownership of said vehicle and the driver there-

bile negligence case where the accident occurred in Florida, brought in the United States Court by reason of diversity of citizenship. The complaints are admittedly drawn under the statute, and admittedly would be sufficient if the actions had been brought in the State Court and not removed.

Under the doctrine of Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and the cases which have followed it, if Section 51.12 deals with procedural matters only, it has no effect in the United States Court and the complaints should be dismissed, for they clearly fail to state a claim on which relief could be granted under common law. However, if the statute relates to matters of substance, the statute applies in the United States Court and the motions should be denied.

██ It is my view that the statute is more than merely procedural and that the changing of the burden of proof at the trial and establishing a presumption of liability thereunder, grant the plaintiff a substantive right, the benefit of which he is entitled to receive in the Federal Court, as well as in the State Court.

The statute has never been construed by the Supreme Court of Florida, and research does not indicate the construction of a similar statute by the Courts of another State or by any United States Court. But much authority (including Cities Service Oil Co. v. Dunlap, 5 Cir., 100 F.2d 294, Id., 308 U.S. 208, 60 S.Ct. 201, 84 L.Ed. 196 and Central Vermont Railway Company v. White, 238 U.S. 507, 35 S.Ct. 865, 59 L.Ed. 1433) indicates that matters touching burden of proof are substantive in nature, rather than procedural. See also the cases collected at page 257, 21 A.L.R.2d.

The situation here seems to be analogous to the trial of railroad crossing cases arising in Florida in United States Courts. In such cases the benefit of the presumption of negligence on the part of the railroad company, created by Section 768.05, Florida Statutes Annotated[2] is given to the plaintiff in trials in the United States Court, exactly as it is in the State Court.

The respective motions will be denied by appropriate orders.

of at the time of the alleged negligent operation of the same, to establish a presumption of liability of said owner for any such negligent acts of said driver in his operation of such vehicle, said presumption being subject to rebuttal by said owner by competent evidence within the limits of the facts set forth in any such special plea or pleas. Laws 1947, c. 24199, § 1."

2. Sec. 768.05 Florida Statutes Annotated reads as follows:

"768.05 *Liability of railroad company.* A railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company."