Harold E. ROBINSON, Jr., Appellant,

v.

REED–PRENTICE CORPORATION, a corporation, Appellee.

No. 16989.

United States Court of Appeals Ninth Circuit.

Jan. 13, 1961.

Graham & Ray, by Byron M. Graham, El Monte, Cal., and A. J. Blackman, Los Angeles, Cal., for appellant.

Spray, Gould & Bowers, Los Angeles, Cal., for appellee.

Before BARNES, JERTBERG and KOELSCH, Circuit Judges.

PER CURIAM.

Appellant, injured in operating a die casting machine, sued the manufacturer thereof. A directed verdict was ordered against him at the conclusion of the plaintiff's case. He appeals, alleging: I. There was sufficient evidence to go to the jury; II. The doctrine of res ipsa loquitur applied; III. There was error in refusal of evidence offered.

■ Substantive state law governs in all nonfederal causes of action. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. This includes burden of proof. Cities Service Oil Co. v. Dunlop, 1939, 308 U.S. 208, 60 S.Ct. 201, 84 L.Ed. 196.

■ We first find the trial court did not err in holding the doctrine of res ipsa loquitur inapplicable on the record before it. Evidence sufficient to support a legitimate inference that appellee is probably responsible for the injury in question is consistently required as an indispensable condition of liability. Res ipsa loquitur is not applicable when one of two or more causes brought about the injury, none of which causes is excluded or included by any affirmative evidence. There was here no need, and no sufficient foundation, to rely on any presumption of negligence. Brocato v. Standard Oil Co., 1958, 164 Cal.App.2d 749, 331 P.2d 111; George v. Bekins Van & Storage Co., 1949, 33 Cal.2d 834, 205 P.2d 1037.

Because of our conclusion on the matter of the sufficiency of the evidence, we need not reach the asserted error in refusing to admit into evidence certain California Industrial Safety Orders.

■ With respect to appellant's first point, we find the trial court did err in refusing to submit to the jury the issue of whether the machine had been negligently designed and manufactured. There was more than a scintilla of evidence—there was substantial evidence, sufficient to constitute a jury issue as to whether there had or had not been negligent design; or whether or not reasonable care had been exercised in manufacturing the machine; and whether the appellant was lawfully using the machine in a manner and for a purpose for which it was intended; and whether appellant was or was not exercising due care for his own safety in so using it. Restatement, Torts § 395. Vrooman v. Beech Aircraft Corp., 10 Cir., 1950, 183 F.2d 479, 481; Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir., 1948, 166 F.2d 908, 915, certiorari denied 334 U.S. 846, 68 S.Ct. 1516, 92 L.Ed. 1770; Gall v. Union Ice Co., 1951, 108 Cal.App.2d 303, 239 P.2d 48.

The selection for use in appellee's valve of a "free floating spool," without springs on either side, actuated by an electrical current through solenoids, changing the operation of the machine through a movement of as little as five-sixteenths of an inch, in a machine subject to the forces of vibration, may or may not constitute reasonable care in manufacturing and design. There was evidence the machine did vibrate. There was evidence in the form of expert testimony by John Mathewson, a university professor of engineering, that vibration "could or would cause the spool" to shift or "walk." Such a use of such a free floating spool design in such a machine, constituted, in the opinion of this expert, improper design. George v. Bekins Van & Storage Co., supra.

Thus, entirely apart from any question of the existence of any legal obligation to provide a "fail-safe" design (which we do not here reach), a jury question of substance as to fact had been created. It was therefore error to direct the verdict.

The judgment is reversed, and the matter remanded.