Francis X. CALO, Plaintiff-Appellant,

v.

R. Morris PAINE et al., Defendants-Appellees.

No. 1048, Docket 75–7028.

United States Court of Appeals, Second Circuit.

Argued June 16, 1975.

Decided Aug. 18, 1975.

**412**

Raphael L. Podolsky, Waterbury Legal Aid Society, Waterbury, Conn., for plaintiff-appellant.

Frank T. Healey, Jr., Waterbury, Conn. (Healey & Healey, Waterbury, Conn., of counsel), and John F. Phelan, Waterbury, Conn., for defendants-appellees.

Before GIBBONS,* GURFEIN and MESKILL, Circuit Judges.

PER CURIAM:

This action was brought by Francis X. Calo, former probationary Executive Director of the Parking Authority of the City of Waterbury, pursuant to 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343(3), against the chairman and members of the Parking Authority, the City Civil Service Commission, and the Mayor. The complaint alleges that the plaintiff was dismissed from his position during the six months probationary period, without a hearing, in violation of his rights to procedural due process and in retaliation for his former political activities in opposition to the Mayor, as a penalty for the plaintiff's exercise of his First Amendment right to run for public office, all in violation of the Fourteenth Amendment. The relief sought was an injunction reinstating the plaintiff to his position and enjoining the defendants from dismissing him except by due process of law and declaring his right not to be dismissed except under due process of law. The complaint also requested back pay and compensatory and punitive damages.

The defendants moved to dismiss the complaint "with particular reference to plaintiff's claim for a temporary and permanent injunction . . . because the complaint does not state a substantial federal question." Affidavits of four defendants were attached to the motion. Judge Blumenfeld construed the motion as one to dismiss for failure to state a claim pursuant to F.R.Civ.P. 12(b)(6) rather than as a motion to dismiss pursuant to F.R.Civ.P. 12(b)(1) for lack of federal subject matter jurisdiction.

The judge added that "as testimony was presented at the hearing on plain-

---

* Of the United States Court of Appeals for the Third Circuit, sitting by designation.

tiff's motion for a preliminary injunction and other materials, including affidavits of the defendants, were submitted by the defendants and not objected to by the plaintiff, the motion will be treated as one for summary judgment. F.R.Civ.P. 12(b); F.R.Civ.P. 56."

■ Judge Blumenfeld, in a thorough opinion, properly held that there was jurisdiction under 28 U.S.C. § 1343(3), denying the contention that, although the action was against named officials of the city, it was nevertheless an action against the city itself which could not be brought under 42 U.S.C. § 1983. *Monroe v. Pape,* 365 U.S. 167, 187–92, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). He also held properly that officials of the City of Waterbury were acting under color of Connecticut State law, and that the plaintiff had alleged requisite state action. He held, however, that the plaintiff had no "property interest" in his job, *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), that his "reputational" or "employability" interest had not been constitutionally affected under *Roth* and *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), and that the plaintiff had not been denied due process of law. He held, finally, that on no set of facts could the plaintiff, in the absence of specific civil service regulations, state a claim for relief on the ground that his discharge was in violation of his rights under the First and Fourteenth Amendments.

Since we are constrained to hold that the last ruling was error and to remand to the District Court for further proceedings, we refrain from reviewing the other grounds for the decision on the merits at this time. See *Cities Service Oil Co. v. Dunlap,* 308 U.S. 208, 212–13, 60 S.Ct. 201, 84 L.Ed. 196 (1939); *Mutual Life Ins. Co. v. Hill,* 193 U.S. 551, 553, 24 S.Ct. 538, 48 L.Ed. 788 (1904); *Hayat Carpet Cleaning Co., Inc. v. Northern Assurance Co., Ltd.,* 69 F.2d 805 (2 Cir. 1934); 28 U.S.C. § 2106.

■ The District Court came to the conclusion that *Alomar v. Dwyer,* 447 F.2d 482 (2 Cir. 1971), was controlling. There we held that a non-civil service employee could be discharged for refusal to change her political allegiance, under the tradition of the spoils system. Here we are not specifically concerned with that situation. Nor did *Alomar* involve a probationary civil service employee, who had passed a competitive examination. It was decided, moreover, before *Board of Regents v. Roth, supra,* and, *Perry v. Sindermann, supra.* It should not be deemed controlling in all cases where it is claimed that First Amendment rights have been violated. In *Sindermann, supra,* the Supreme Court held that the respondent's lack of tenure, taken alone, does not defeat his claim that his First and Fourteenth Amendment rights had been violated, and that he has the right to prove that his discharge was in retaliation for his exercise of his constitutional rights. 408 U.S. at 596–98, 92 S.Ct. at 2697–98; see also *Russell v. Hodges,* 470 F.2d 212, 216 (2 Cir. 1972); *Skehan v. Board of Trustees,* 501 F.2d 31, 39 (3 Cir. 1974), *vacated and remanded on other grounds,* 421 U.S. 983, 95 S.Ct. 1986, 44 L.Ed.2d 474 (1975). Of course, when a plaintiff has been given full opportunity to prove, at an evidentiary hearing, that his discharge was such a reprisal, and he fails in his proof, the discharge will stand. See *Simard v. Board of Education,* 473 F.2d 988, 995–96 (2 Cir. 1973).

■ While there was a hearing below on the limited issue of alleged due process violation, it did not encompass the alleged violation of First Amendment rights. The District Court stated quite correctly that if the factual dispute were of a material nature, it could not grant defendants' motion for summary judgment. It held, however, that under *Alomar v. Dwyer, supra,* it was constrained to rule that even assuming such a retaliatory motivation, the plaintiff's constitutional rights were not violated by the dismissal. Though there is language in *Alomar* that might be read to support this view, the more recent cases in the Supreme Court, as we have seen, compel us to hold that this was error.

■ As the District Court recognized, summary judgment would normally not have been available for lack of notice that the Rule 12 motion would be so considered. F.R.Civ.P. 12(c) requires that before a Rule 12 motion may be converted into a summary judgment motion under Rule 56 "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Dale v. Hahn*, 440 F.2d 633, 638 (2 Cir. 1971); *Johnson v. RAC Corp.*, 491 F.2d 510, 514 (4 Cir. 1974). No such opportunity was given here, however, because of the court's reasoned view that under *Alomar* the plaintiff had no claim, no matter what he proved. Since we have held this to be error, we must remand so that appellant may be given a reasonable opportunity to present his pertinent material.

Vacated and remanded.