BAKER *v.* GUSHWA.

1. PLEADING—EVIDENCE—UNFAIR ADVANTAGE.
   Courts must allow a pleader a little looseness of expression so as to make provision for the uncertainty of the proof, provided that no unfair advantage is taken of the opponent thereby (CL 1948, § 614.2; Court Rule No 19, § 1 [1945]).

2. SAME—DECLARATION.
   A declaration must contain such specific allegations as will reasonably inform the defendant of the nature of the cause

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 63.
[2] 41 Am Jur, Pleading § 77.
[3] 41 Am Jur, Pleading § 74.
[4] 5A Am Jur, Automobiles and Highway Traffic § 936.
[5] 38 Am Jur, Negligence § 186.
[6] 5A Am Jur, Automobiles and Highway Traffic § 304.

he is called upon to defend (CL 1948, § 614.2; Court Rule No 19, § 1 [1945]).

3. Same—Sufficiency of Declaration.

A liberal attitude is taken in passing upon the sufficiency of pleadings, the chief object of the declaration being to apprise plainly the opposite party of the cause of action and the claim of plaintiff (CL 1948, § 614.2; Court Rule No 19, § 1 [1945]).

4. Same—Variance—Automobiles—Intersection of Private Drive and Public Highway—Prejudice.

A variance, if there was any, between declaration and proofs adduced on behalf of plaintiff *held*, not to have misled defendant to his prejudice in action arising from collision at or near intersection of private drive and public highway, where declaration averred that plaintiff "did drive out onto the public highway, going in an easterly direction and at a slow rate of speed, and that just as he did enter upon the public highway, the defendant did come over the crest of the hill * * * and at a high and unlawful rate of speed did drive into plaintiff's truck" and testimony showing collision occurred just as front of plaintiff's truck came to within 6 or 8 inches from hitting edge of pavement and stopped.

5. Negligence—Test of Contributory Negligence.

The matter of contributory negligence is tested by what plaintiff should have seen in the exercise of due care, not what he could have seen as a matter of fact.

6. Automobiles—Contributory Negligence—Question for Jury—Intersection of Private Drive and Public Highway.

The issue of contributory negligence of plaintiff truck driver *held*, properly submitted to jury in action against motorist for injuries sustained in collision at or near intersection of private drive and public highway.

Appeal from Wexford; Campbell (Howard L.), J. Submitted June 6, 1958. (Docket No. 37, Calendar No. 47,387.) Decided October 13, 1958.

Case by Harold Baker against Theodore Gushwa for personal injuries arising from collision of motor vehicles. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*H. Murray Campbell,* for plaintiff.

*James C. Herrinton,* for defendant.

SMITH, J.   This is an automobile accident case. The plaintiff had jury verdict and judgment. In our Court defendant primarily urges a fatal variance between pleadings and proofs.

The accident occurred about 2 in the afternoon of a March day in a rural area. The roads were clear in the center, with slush on the outer sides. At the place of the accident, Meauwataka road, an east-west highway between 17 and 18 feet in width, is intersected on the south side only by a private drive from the Paul House home. It is stipulated that an automobile approaching this driveway from a westerly direction (as was the defendant) can observe a truck stopped in the private driveway from a dis-. tance of 2/10 of a mile and the driver of the plaintiff's truck stopped in the private driveway can observe such automobile for an equal distance.

Plaintiff, driving in a northerly direction upon the private driveway, was taking a cow to the market. It was, we are told, a good, fat butcher cow, stepping around a little bit in the truck. "You have to be very cautious," he states, "when you're hauling a cow in a pickup." At any rate he stopped, he testified, 3 times before he entered the highway from the private drive. Once, when about 12 feet from the road, looking both ways, and again, with similar observation, when about 5 feet farther on. He then moved to the edge of the pavement "and this snowplow blinked its lights." (The snowplow was about 400 feet to his right and was apparently warning of an on-coming danger.) Plaintiff looked quickly around and saw, for the first time, a car approaching him, "hugging the low side of the road," proceeding at about 50 miles per hour and making no effort to get to the

other side.   Plaintiff "tried to cramp" his wheels around and get on the shoulder of the road.   He had come to a complete stop when he was struck on the left door by the right front of defendant's car.   At this time part of plaintiff's vehicle, "the left front corner would be touching the pavement—the tarvia," the bumper or tire, he testified, being on the paved portion of the highway at the time of the accident.

Trial was had to a jury which returned a verdict in plaintiff's favor in the sum of $1,000 and judgment thereon was duly entered.

Defendant's first assignment of error relates to the issue of variance.   There was, he asserts, "a fatal variance between the declaration and a portion of the testimony submitted into evidence by plaintiff and appellee with respect to the location of the automobile accident."   This variance is said to arise from the fact that paragraph 4 of the declaration charged, in part, as follows:

"4. That the plaintiff prior to entering the public road had stopped his pickup and had looked in either direction and from his left did find the road free and clear from automobiles, and on his right did see a snowplow approaching from the east, or the plaintiff's right; that the plaintiff thereupon did drive out onto the public highway, going in an easterly direction and at a slow rate of speed, and that just as he did enter upon the public highway, the defendant did come over the crest of the hill to the east [*sic*] of the private driveway out of which plaintiff was coming, and at a high and unlawful rate of speed, did drive into plaintiff's truck, striking it on the right left[*sic*] door with force and violence, thereby damaging said truck and injuring plaintiff, as hereinafter set forth."

Paragraph 5, it is pointed out, alleges that defendant was operating his automobile "upon said highway."   Defendant points out to us that at the trial,

plaintiff not only confirmed the allegations of paragraph 4, but, he also argues, the defendant testified that the accident occurred in the private driveway, quoting in support thereof the following portions of the record:

"*Q.* All right, did I understand you, witness, to say that when this—when Mr. Gushwa's car struck you that your car—your truck—was stopped?

"*A.* My truck was stopped.

"*Q.* It was not moving at all?·

"*A.* That's right.

"*Q.* And how far would you say that you were out towards the tarvia?

"*A.* Well, of course the tarvia is broke up, but within 6 or 8 inches, I'd say, from hitting the edge of the pavement. I was not out onto the highway."

Is there a fatal variance in the above, between the public highway and the private driveway? A pleader, obviously, must have a degree of latitude. The matter was well put in *L. B. Menefee Lumber Co. v. MacDonald,* 122 Or 579, 589, 590 (260 P 444, 448):

"A pleader cannot always know in advance what his proof will establish. If all pleaders could foresee the results which their proof will produce, there would be practically no lawsuits; almost all cases would be settled before the courts were reached. This uncertainty as to the unknown proof should caution the courts to allow the pleader a little looseness of expression so as to make provision for the uncertainty of the proof, provided that no unfair advantage is taken of the opponent thereby. * * * We do not believe that the pleadings misled the plaintiff, nor do we find any indication that the situation denied plaintiff a fair presentation of his case. The creation and interpretation of the rules of procedure are not the ultimate end of the law; rules of procedure are merely an avenue of approach."

We are likewise, in this jurisdiction, committed to the notice theory of pleading. As we held in *Manley, Bennett & Co.* v. *Woodhams,* 349 Mich 586, 592, 593:

"In this jurisdiction the judicature act of 1915,* and court rules pursuant thereto, placed the emphasis squarely upon the notice feature of pleading, discarding ancient and technical tests, phrases and formulae:

" 'In the actions which are in this act retained, the forms of declaration now in common use may be employed; but no declaration shall be deemed insufficient which shall contain such information as shall reasonably inform the defendant of the nature of the case he is called upon to defend.' CL 1948, § 614.2 (Stat Ann § 27.812).

" 'The declaration shall contain such specific allegations as will reasonably inform the defendant of the nature of the cause he is called upon to defend.' Mich Court Rule No 19, § 1 (1945).

"In accordance therewith, as observed by Mr. Justice North in *Spelman* v. *Addison,* 300 Mich 690, 702: 'In recent years, at least, this Court has taken a liberal attitude in passing upon sufficiency of pleadings.' The chief object of the declaration, we held in *Michigan Aero Club* v. *Shelley,* 283 Mich 401, 408 (1938 US Av R 134, 1 CCH Av 750), 'is to apprise plainly the opposite party of the cause of action and the claim of plaintiff.' "

We cannot conclude upon these pleadings and this record that defendant could reasonably have been surprised, misled to his prejudice, or placed at a disadvantage by the variance (if any) between the evidence and the pleadings submitted in the cause. Thus there has been no fatal variance. Moreover, it is not clear beyond doubt that there was any variance whatsoever. The fact of the matter seems to be that

---

* The footnote appended here (p 592 of report) reads as follows: "PA 1915, No 314 (CL 1948, § 600.1 *et seq.* [Stat Ann § 27.1 *et seq.*])."

plaintiff's truck was both on and off the public road. At least a part of it, the bumper or tire, according to the testimony noted, *supra,* was on the paved portion.

Defendant urges, also, that plaintiff "was contributorily negligent as a matter of law." It is argued that plaintiff must be held to have seen what was plainly there to be seen. This is not an infallible test for contributory negligence. As we held in *McKinney* v. *Yelavich,* 352 Mich 687, 697, the question is not what the plaintiff could have seen as a matter of fact, but what he should have seen in the exercise of due care. The issue here was properly submitted to the jury.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.