HUHTA v. MALONEY.

1. AUTOMOBILES—PEDESTRIANS—NEGLIGENCE—EVIDENCE.
   Evidence adduced in pedestrian's action against motorist for injuries sustained at 10 p.m. early in March presented a question for jury as to whether defendant was guilty of negligence proximately causing plaintiff's injuries because of inability to stop within the assured clear distance ahead and because he had not turned on his lights (CLS 1956, §§ 257.627, 257.684).

2. SAME—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—LIGHTS.
   Whether plaintiff pedestrian was excused from seeing defendant's car and starting across the street because defendant was driving without lights at 10 p.m. early in March held, a question for the jury under evidence adduced (CLS 1956, § 257.684).

3. APPEAL AND ERROR—SUPREME COURT—VERDICT—EVIDENCE.
   The Supreme Court will not disturb the finding of the jury on the issues of plaintiff's freedom from contributory negligence and defendant's negligence proximately causing an accident, where there is testimony supporting the finding.

4. SAME—AUTOMOBILES—PEDESTRIANS—VERDICTS—GREAT        WEIGHT OF EVIDENCE.
   Verdict for plaintiff pedestrian in his action against defendant motorist for injuries sustained while crossing a highway at

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5A Am Jur, Automobiles and Highway Traffic § 1036.
   Driving motor vehicle without lights as affecting liability for collision. 21 ALR2d 7.
[2, 4] 5A Am Jur, Automobiles and Highway Traffic § 1037.
   Driving motor vehicle without lights as affecting liability for collision. 21 ALR2d 7.
   Duty of pedestrian crossing street or highway as regards looking for automobiles. 79 ALR 1073.
[3] 3 Am Jur, Appeal and Error § 887.
[5] 5A Am Jur, Automobiles and Highway Traffic § 1092.
   Driving motor vehicle without lights as affecting liability for collision. 21 ALR2d 7.

10 p.m. early in March *held*, not against the great weight of the evidence.

5. AUTOMOBILES—LIGHTS—EVIDENCE—REQUEST TO CHARGE.

Trial court properly rejected defendant's request to charge, as an improper statement of the law, that testimony stating defendant's car lights were off, given by plaintiff pedestrian's witness who arrived at the scene shortly after the accident at 10 p.m. early in March, should be disregarded unless connected up with conditions existing at time of the accident, since lighting is a fact and circumstance that may change momentarily.

Appeal from Ontonagon; Wright (Robert R.), J. Submitted April 5, 1961. (Docket No. 10, Calendar No. 48,545.) Decided June 29, 1961.

Case by Elmer Huhta against Clarence Maloney for personal injuries sustained when struck by automobile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Walsh & Munro (Donald L. Munro,* of counsel), for plaintiff.

*Humphrey & Humphrey,* for defendant.

KAVANAGH, J. Defendant appeals from a jury verdict in favor of plaintiff in the amount of $10,000. Defendant also appeals from denial of motions for a directed verdict and for a new trial.

At about 10 p.m., on March 2, 1956, plaintiff, a 43-year-old farmhand, left a restaurant in the town of Mass in the Upper Peninsula and walked in a northwesterly direction along Adventure avenue to a point where 14th street intersects Adventure avenue. To this point plaintiff claims he was walking on the sidewalk at the edge of the highway; that there was snow piled on both sides of the highway but that it had been pushed back from 13th to 14th

streets so that the sidewalk was available for use. Plaintiff further contends that as he crossed the intersection of 14th street the highway had not been plowed as wide as it was south of 14th street. No sidewalk existed from 14th street north.

Plaintiff testified that when he reached the north side of the intersection of Adventure and 14th he attempted to cross the street to walk on the left side of Adventure avenue to a school located north and west of the intersection, where he hoped to get a ride home. As he started to cross the intersection plaintiff claims that for about 4 or 5 seconds he looked to his left for cars which might be approaching, and seeing none he looked to his right, noticed 2 cars coming but formed an opinion he had time to cross ahead of these cars. He started to cross the street but had taken only about 2 or 3 steps when he was hit by defendant's car coming from the left.

Defendant claims his car was parked in front of the Northland restaurant; that he got in his car and proceeded north on Adventure avenue to go to his home, which was located 3 blocks north and 1 block east. He claimed he had the car lights turned on and was going about 15 miles per hour. Defendant testified 2 cars were coming toward him but had passed him before the accident occurred. He testified that just after the second car passed "A dark object came from my right and seemed to come very fast and I struck it. I immediately applied the brakes and stopped." He placed the accident at about 30 or 40 feet north of the intersection of Adventure avenue and 14th street.

Witness Albert W. Taro, plaintiff's employer, had been attending the same township board meeting as defendant and left the meeting at the same time as defendant. He stopped and talked with an unknown person for a few seconds, then drove in a northerly direction on Adventure avenue for about 75 or 100

feet, where he found a car without lights and saw Mr. Maloney standing outside the car. Mr. Taro testified Maloney's car lights were off at that time. It is to be noted plaintiff contends he saw no car lights approaching him from his left. Mr. Taro testified it was a clear, cold, frosty, moonless night.

The case was tried on the part of defendant on the theory that plaintiff appeared abruptly in front of defendant and that he, therefore, was not guilty of any negligence; that plaintiff was intoxicated and for that reason did not see defendant's car. Defendant contends: (1) he was not guilty of any negligence which contributed to the accident and, therefore, was entitled to a directed verdict on this score; (2) that plaintiff was guilty of negligence as a matter of law, barring his recovery and that he (defendant) was entitled to a directed verdict on this theory; (3) that he is entitled to a new trial, since the verdict of the jury is against the weight and preponderance of the testimony; and (4) that the court erred in not giving a requested charge.

Defendant's first question deals with whether or not he was guilty of any negligence. He argues he was not and was, therefore, entitled to a directed verdict. The record discloses ample testimony from which the jury might reasonably find that defendant was negligent in driving so as to be unable to stop in the assured clear distance ahead,[1] and clearly there was a question of fact for the jury to determine whether defendant was driving at night without lights.[2] Witness Albert W. Taro testified that within seconds after the accident happened, defendant's car did not have the lights on. Plaintiff testified he looked to his left and did not see defendant's car

---

[1] See CLS 1956, § 257.627 (Stat Ann 1952 Rev § 9.2327).—Reporter.

[2] See CLS 1956, § 257.684 (Stat Ann 1960 Rev § 9.2384).—Reporter.

approaching. Immediately thereafter when he looked to his right he saw 2 other cars approaching because they had their lights on. The inferences to be drawn from all this testimony was clearly for the jury.

There was testimony that defendant might have been blinded by the lights of the oncoming vehicles. If the jury so found, certainly defendant's failure to drive, with the oncoming lights blinding him, so as to be able to stop within the assured clear distance ahead, would be negligence.

Under the testimony in this case a clear question of fact as to defendant's negligence was created. The credibility of the witnesses and any inconsistencies and contradictory statements of the witnesses are for the jury to weigh. The court did not err in failing to direct a verdict for the defendant on the theory he had not been guilty of any negligence which was a proximate cause of the accident.

As to his second question with reference to the plaintiff being guilty of negligence as a matter of law, the same rules apply. Whether plaintiff was excused from seeing defendant's car and starting across the street because defendant was driving without lights was a question which was properly submitted to the jury. We will not disturb the finding of the jury when there is testimony from which the jurors could arrive at a conclusion that plaintiff was free from negligence and defendant was guilty of negligence which was the proximate cause of the accident.

As to defendant's third question, that he is entitled to a new trial since the verdict of the jury is against the weight and preponderance of the testimony, we do not agree. A reading of the record does not bring us to the conclusion that the verdict was against the great weight of the evidence.

The fourth and last question deals with a request to charge. Defendant requested the following charge:

"You are hereby instructed to disregard any comments by witness Taro regarding the lighting condition he observed of defendant's car after he arrived at the accident scene as having any bearing on the condition existing at the time of the accident. Lighting is a fact and circumstance that may change momentarily and unless the conditions shown to exist after an accident are connected up with conditions existing at the time of the accident, you have no right to conclude that after facts or circumstances are the same facts existing at the time of the accident."

It should be apparent from what we have said in answer to the first question that this was not a proper statement of the law and the court was, therefore, not obligated to give the request. *Sweet* v. *Ringwelski,* 362 Mich 138; *Duncan* v. *Strating,* 357 Mich 654 (14 NCCA3d 359).

The verdict and judgment of the lower court are affirmed. Plaintiff shall have costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and SOURIS, JJ., concurred.