### GREEN v. WALLACE.

#### DECISION OF THE COURT.

1. AUTOMOBILES — PEDESTRIANS — CONTRIBUTORY NEGLIGENCE — SUMMARY JUDGMENT.

Eastbound pedestrian who failed to make observation to left after leaving west curb of 2 lanes devoted to southbound traffic in divided highway and who had entered easterly of the 2 southbound lanes when hit by defendant's car *held,* guilty of contributory negligence as a matter of law, hence, summary judgment for defendant was properly entered (GCR 1963, 117).

#### SEPARATE OPINION.

#### DETHMERS, KELLY, and O'HARA, JJ.

2. AUTOMOBILES — PEDESTRIANS — CONTRIBUTORY NEGLIGENCE — ORDINANCES — CROSSING STREET.

*Plaintiff, an eastbound pedestrian, crossing street at an ordinance-forbidden place at 7:15 a.m. at the end of March during good*

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 6, 8] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 411, 412, 416–418.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 413, 414.
[3] 16 Am Jur, Depositions § 111 *et seq.*
[5] 53 Am Jur, Trial § 332 *et seq.*
[7] 38 Am Jur, Negligence § 348,

*weather in broad daylight, and who had entered easterly of 2
southbound lanes when hit by defendant's car, held, guilty of
contributory negligence as a matter of law (City of Southfield
Ordinances, §§ 7.6, 7.9).*

SEPARATE OPINION.

SMITH and ADAMS, JJ.

3. JUDGMENT—SUMMARY JUDGMENT—DEPOSITION.

*Testimony obtained from a deposition must be viewed in a light
most favorable to plaintiff in resolving issue presented by de-
fendant's motion for summary judgment (GCR 1963, 117).*

4. AUTOMOBILES—PEDESTRIAN—CONTRIBUTORY NEGLIGENCE AS A MAT-
TER OF LAW.

*Contributory negligence of plaintiff pedestrian held, established
as a matter of law, where it is undisputed he had made obser-
vation to the north while 3 feet west of west side of the 2
lanes of a divided highway devoted to southbound traffic and
proceeded east some 3 feet into second lane before observing
defendant's car some 5 feet away.*

DISSENTING OPINION.

T. M. KAVANAGH, C. J., and BLACK and SOURIS, JJ.

5. JUDGMENT—SUMMARY JUDGMENT—DIRECTED VERDICT.

*The test of whether a defendant's motion for summary judgment
should be granted is the same as presented to a trial judge at
a jury trial with an identical record when confronted by a
defendant's motion for a directed verdict, that is, by consider-
ing the testimony in the light most favorable to the party
opposing the motion (GCR 1963, 117).*

6. AUTOMOBILES — PEDESTRIANS — CONTRIBUTORY NEGLIGENCE —
QUESTION FOR JURY — EVIDENCE.

*A jury trial on issue of contributory negligence of plaintiff
pedestrian should be had, where record shows plaintiff had de-
manded a jury, that plaintiff's deposition showed he did not
see defendant's approaching car and defendant's deposition
showed he did not see plaintiff pedestrian prior to colliding
with him.*

7. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

*The question of contributory negligence is generally a question
of fact, not of law, and is usually determinable by the neces-
sity of taking into account the actions of 2 persons, the
burden of proving it resting with the party asserting it.*

8. JUDGMENT—SUMMARY JUDGMENT—AUTOMOBILES—PEDESTRIANS—
   CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

   *Summary judgment for defendant motorist in action against him
   by plaintiff pedestrian was reversible error, where depositions
   disclosed an issue of fact as to plaintiff's contributory negli-
   gence and he had demanded a jury trial (GCR 1963, 117).*

Appeal from Oakland; Adams (Clark J.), J. Sub-
mitted November 3, 1964. (Calendar No. 39, Docket
No. 50,456.) Decided June 7, 1965.

Declaration by William Green against Charles V.
Wallace for injuries arising from an automobile-
pedestrian accident. Summary judgment for de-
fendant. Plaintiff appeals.

*Albert Lopatin (Norman L. Zemke,* of counsel),
for plaintiff.

*Eggenberger, Eggenberger & Ashton (William D.
Eggenberger,* of counsel), for defendant.

DETHMERS, J. Plaintiff sued for damages result-
ing from personal injuries sustained when, as a
pedestrian, he was crossing a street and was struck
by an automobile owned and operated by defendant.
During pendency of suit defendant took plaintiff's
discovery deposition. Thereafter defendant filed
answer denying his negligence and liability and rais-
ing the affirmative defense of plaintiff's contributory
negligence. At the same time, defendant moved for
summary judgment* in his favor on the ground that
plaintiff's deposition disclosed that there was no
genuine issue of fact. It was defendant's position
that plaintiff's deposition showed him to be guilty
of contributory negligence as a matter of law. De-
fendant's motion was granted. Plaintiff appeals.

---

* See GCR 1963, 117.—REPORTER.

Plaintiff's deposition contained his testimony to the effect that he was 39 years of age when, as a pedestrian, he undertook to cross the 2 southbound lanes of a 4-lane, divided highway. Each lane was 10 feet in width. There was a 3-foot island between the 2 northbound and 2 southbound lanes. The time was 7:15 a.m., on March 30, 1962, the weather was good, and it was broad daylight with no need for cars to have headlights on. He was about to cross the highway from west to east. At about 3 feet west of the west edge of the pavement he stopped, looked to his left, north, and saw a car coming. He waited for it until it passed. He looked north again, had a clear, unobstructed view, and saw no traffic approaching from the north within 3 blocks, 900 to 1,050 feet. He then walked onto the pavement and started to cross. His testimony, once, was that he crossed the 10-foot westerly lane and went another 7 feet to within 3 feet of the center divider and, at another time, that he had crossed the 10-foot westerly lane and gone about 3 or 3-1/2 feet into the easterly lane before he again looked to the north and saw defendant's car, for the first time, approaching him in the easterly lane within 5 feet north from him, just an instant before it struck him. All this appears from plaintiff's deposition. There is no dispute on the facts in this connection.

Plaintiff crossed at a point on the street other than at a crosswalk at an intersection. Chapter 7, § 7.6, of the ordinances of the city of Southfield, where the accident occurred, required a pedestrian crossing at such a place to yield the right-of-way to all vehicles on the highway. Chapter 7, § 7.9, forbade crossing at the place where plaintiff did so, there being no marked crosswalk there.

The trial court concluded that plaintiff's failure to look north, to his left, and see defendant's car approaching from the time plaintiff was standing

3 feet west of the westerly edge of the pavement until he had progressed across an additional 10 feet of the westerly lane and then either 3 or 7 feet more across the easterly lane, a total of either 20 feet or 16 feet, depending on which of plaintiff's 2 versions is accepted, in broad daylight, on a clear day and dry pavement, with no obstruction or unusual circumstances or unexpected actions to excuse him, rendered plaintiff guilty of contributory negligence as a matter of law. Accordingly, on the basis of plaintiff's own testimony, viewed in the light most favorable to him, the court entered the summary judgment for defendant.

Plaintiff's reasoning is, essentially, that, despite what he concedes was the rule in what he terms "the older opinions of this Court" to the contrary, under the later holdings of this Court whenever a pedestrian is struck on the street by a motor vehicle the question of his contributory negligence is necessarily one of fact for the jury, never one of law for the court. Cited for this by plaintiff are the following: *McKinney* v. *Yelavich*, 352 Mich 687; *Vandervelt* v. *Mather*, 353 Mich 1; *Shaw* v. *Bashore*, 353 Mich 31; *Steger* v. *Blanchard*, 353 Mich 140; *Baker* v. *Gushwa*, 354 Mich 241; *DeLuca* v. *Wonnacott*, 358 Mich 319; *Huhta* v. *Maloney*, 363 Mich 348; *Knickerbocker* v. *Samson*, 364 Mich 439.

With respect to some of these cases, in seeking to distinguish them on the facts, the defendant points out that (1) in *Huhta* the accident happened at night and there were proofs that defendant was driving without lights, and so plaintiff's failure to see defendant's car was held to present a question of fact as to his contributory negligence; (2) in *Knickerbocker* a heavy fog, coupled with defendant's excessive speed, was held to present a question of fact as to plaintiff's contributory negligence in failing to see defendant's car; (3) in *McKinney* the question

was rendered one of fact by the fact that plaintiff was crossing a street at a crosswalk at a complex 6-way street intersection, starting out under the protection of a green signal light which was still in his favor when defendant struck him; (4) in *Vandervelt* plaintiff was crossing in a crosswalk with a green traffic light in his favor and it was held that he did not have to anticipate that defendant would run a red light; (5) in *Steger* plaintiff attempted to cross a highway in a school zone, heavily congested with traffic and school buses and she could not see defendant's approaching vehicle until it crested a hill a short distance away. In contrast, defendant points out that in the case at bar there was no darkness nor fog, no traffic congestion, nothing unusual or unexpected to prevent or make it difficult for plaintiff to see defendant's car earlier or to excuse him for failure to do so. Consequently, defendant contends, even under those decisions it could not be said that plaintiff's contributory negligence here presented any question of fact, but only one of law.

Defendant might have gone on to consider also the other cases cited by plaintiff. In *Shaw* the accident occurred on a hazy, misty evening when visibility was poor. In *Baker* plaintiff had his truck in a driveway, about to enter but stopped just at the edge of the highway pavement when struck. Defendant's car came over the crest of a hill at a high, unlawful rate of speed and the sides of the pavement were slushy. In *De Luca* the plaintiff was a 9-year-old child who took one step out from behind a parked car, at the same time looking in the direction from which defendant approached, and she was immediately struck. All of these cases are equally distinguishable on the facts from those at bar in a controlling respect. Here there were no unusual or extenuating circumstances excusing

plaintiff's failure to see defendant's car until it was too late.

Despite the comfort which plaintiff's brief writer professes to take, in this respect, from what he considers to be the abandonment of the older and the following of a new trend in the later decisions of this Court, a perusal of such recent cases as *Hett* v. *Duffy*, 346 Mich 456, and *Shumko* v. *Center*, 363 Mich 504, touching this subject, discloses that even today in this Court there is still some life left in the old theory of contributory negligence as a matter of law under certain circumstances. We think they exist here and that, accordingly, the summary judgment in favor of defendant should be affirmed, with costs to him.

KELLY and O'HARA, JJ., concurred with DETHMERS, J.

ADAMS, J. (*concurring*). The trial judge correctly entered summary judgment* for the reasons set forth in his opinion:

"Plaintiff further argues that in a motion of this kind obviously the testimony obtained from the deposition must be viewed in a light most favorable to the plaintiff, and that the issues to be resolved on a summary judgment must of necessity be based on undisputed facts. The court agrees with that issue, but has not heard counsel indicate that there are any disputed facts. I don't quite understand how counsel for the plaintiff can quarrel with his own witness's sworn testimony, in which he says that he stopped at the curb before crossing, looked, could see for three blocks and observed only the sports car, waited for that, saw nothing else, proceeded to cross the road between the crosswalks, and then about three feet from the farther edge of the

---

* See GCR 1963, 117.—REPORTER.

southbound lane did make an observation and saw
the defendant's car only five feet from him.   These
are undisputed facts, testified to under oath by the
plaintiff and agreed to by the defendant, agreed
to because this is the basis of the motion.

"This comes to point 3 of the court's position.
There was obviously a clear legal duty on the part
of the plaintiff to make an observation of oncoming
traffic.   He admits by his own testimony that he
did not do this.   He either failed to make an observa-
tion, or he failed to see what was right in front of
him to be seen until the defendant's car was only
about five feet from him.   This is a clear legal vio-
lation of the plaintiff's duty as outlined by the courts
of this State over a number of years.   There was
no congestion in the area, no unusual circumstances
of any kind.   It was daylight.   As far as the records
indicate, only two cars were in the southbound lanes,
and so far as the deposition indicates, no other wit-
nesses.   These facts therefore remain undisputed.
The plaintiff did violate his clear legal duty as pre-
scribed by law.   In violating his duty he contributed
to the cause of the matter, to the accident which re-
sulted."

At the time the motion for summary judgment was
granted, depositions of plaintiff and defendant, the
only witnesses, had been taken.   Plaintiff testified
as follows:

"*Q.*   In other words, what I want to know, Mr.
Green, is whether or not you looked to your left after
you started crossing, between the time you started
crossing the road up until the time when you looked
and saw the car five feet away?

"*A.*   When I looked, before I left where I was at
the curb and the first car passed?

"*Q.*   Yes.

"*A.*   I looked to the left and I didn't see anything,
and I proceeded across the road, but I turned and
looked the other way to check the traffic flow on the

other side. When I turned back, I seen this car, but of course he was all over me already. That was the whole thing.

"*Q.* All right. In other words, then as I understand your testimony, from the time you started out three feet west of the pavement?

"*A.* Yes.

"*Q.* And until the time you first saw this car about five feet away from you, you at no time looked to your left, is that correct?

"*A.* I didn't look back to the left, I looked before I left the curb, before I proceeded, started across.

"*Q.* I understand. What I want to be sure of is whether or not you made any observations to your left between the time you were three feet west of the pavement until the time you actually did see this car when you were three feet or so into the most easterly southbound lane?

"*A.* No, not to my recollection."

The deposed testimony on cross-examination of Charles V. Wallace, the defendant, was to the effect that he was traveling at approximately 50 miles an hour in the left lane of the two southbound lanes, that there was a car in front of him in both of those lanes, the one directly in front of him being about 40 feet ahead, that he does not know where Green came from, that he did not strike him but, rather, that plaintiff was six feet ahead of his car and three feet to his right when he first saw him, that Green ran into his car, that defendant veered to the left when he saw him, and that when he first saw him plaintiff was not in defendant's lane but was in the curb lane.

Since all of the available testimony was before the court upon depositions as fully as if upon trial, it could be tested in the light most favorable to plaintiff. Whether we accept all of it or only plaintiff's, it must be concluded that plaintiff did not exercise the standard of care of a reasonably pru-

dent man under the same or similar circumstances and that his failure to do so was *a* proximate cause of the accident. Plaintiff's contributory negligence having thus been established, he is barred from recovery.

Smith, J., concurred with Adams, J.

Black, J. (*dissenting*).

"Courts are supposed in the name of constitutional right to scrutinize and determine these modern motions for decisive pretrial judgment by the same test we profess when a motion for directed verdict is presented at conclusion of trial of a negligence case, that is, 'in the light most favorable to the party opposing the motion.' The recent cases of *Poller* v. *Columbia Broadcasting System, Inc.*, 368 US 464 (82 S Ct 486, 7 L ed 2d 458) ; and *United States* v. *Diebold, Inc.*, 369 US 654 (82 S Ct 993, 8 L ed 2d 176), so attest. As said in *Diebold*, if there is a choice of conflicting inferences to be drawn from the submitted affidavits, exhibits, and depositions, the motion should be denied." *Romero* v. *King*, 368 Mich 45, 50.

In *Romero* we considered a motion to dismiss under former practice (Court Rule 18, § 1[g] [1945]). The point though, exemplified by the cited *Poller* and *Diebold Cases,* is the same regardless of the procedural garb in which the specific motion for summary action may be clothed.. Whether the movant assigning contributory negligence asks for dismissal on pretrial motion, for summary judgment[1] on pretrial motion, or for an instructed verdict during or at close of trial, the controlling question is whether upon the whole record, viewing it favorably to the party opposing the movant, the case should go to the jury, or, in the event of no demand for jury trial, to formal trial before the court.

---

. [1] See GCR 1963, 117.—Reporter.

This case of Green is, in its present pretrial posture, one where the plaintiff pedestrian did not see the defendant motorist's approaching car, and the defendant motorist did not see the plaintiff pedestrian,[2] ahead in the path of his car. What then caused the collision? Inattentiveness of plaintiff? Of defendant? Of both? Some other cause, which superseded negligence of defendant, of plaintiff, or both? Such questions should be tried to a jury upon complete rather than truncated record; plaintiff having made due demand for jury trial and the questions of proximate cause and contributory cause being jury questions in all but the rarest of instances.

I am moved to say—again after it has been said again and again—that the question of contributory negligence invariably is determinable by the necessity of taking into account the actions of two persons, not just one.[3] Thus the circuit judge, when he undertakes appraisal of a motion assigning contributory negligence as a matter of law, no matter whether that motion is made before, during, or at close of trial, should view dually and on favorable-to-plaintiff view the acts and omissions of both parties. Such is the essence of and reason for our general rule

---

[2] The defendant's admission was, according to plaintiff's deposition, "I never seen him." According to defendant's deposition the admission was that he, defendant, did not see the plaintiff until the car he was driving was "approximately three feet" from plaintiff. See quotation of defendant's deposition, *post*. These facts do not appear in Justice DETHMERS' "favorable-to-plaintiff" account of the record.

[3] "Moreover, if the danger depends at all upon the action of any other person under a given set of circumstances, the prudence of the party injured must be estimated in view of what he had a right to expect from such other person, and he is not to be considered blamable if the injury has resulted from the action of another which he could not reasonably have anticipated. Thus the problem is complicated by the necessity of taking into account the two sets of circumstances affecting the conduct of different persons, and is only to be satisfactorily solved by the jury placing themselves in the position of the injured person, and examining those circumstances as they then presented themselves to him, and from that standpoint judging whether he was guilty of negligence or not." *Detroit & M. R. Co.* v. *Van Steinburg*, 17 Mich 99, 119.

that "the question of negligence is a question of fact and not of law." *Van Steinburg* at 118.

Aside from the above it is important to note again that the burden of persuasion respecting contributory negligence rests now on the party asserting it (*City of Dearborn* v. *Bacila,* 353 Mich 99, 117; former Court Rule 23, § 3a, effective June 1, 1958;[4] GCR 1963, 111.7); also that (*Speiser* v. *Randall,* 357 US 513, 525 [78 S Ct 1332, 2 L ed 2d 1460]):

"In all kinds of litigation it is plain that where the burden of proof lies may be decisive of the outcome. *Cities Service Oil Co.* v. *Dunlap,* 308 US 208 (60 S Ct 201, 84 L ed 196); *United States* v. *New York, N. H. & H. R. Co.,* 355 US 253 (78 S Ct 212, 2 L ed 2d 247); *Sampson* v. *Channell* (CA 1), 110 F2d 754, 758 (128 ALR 394)."

Since—as I understand—we are obliged to examine a record which is supposed to support a motion for summary judgment "in the light most favorable to the party opposing the motion," I would include in our reported record the following quotations from the defendant's pretrial deposition:

"*Q*. When was the first time that you had occasion if you did observe anybody before the accident occurred?

"*A*. Bring that question again? * * *
(Previous question read.)

"*A*. Well, the accident with Mr. Green was the first pedestrian I seen.

"*Q*. (By Mr. Lopatin) That was the first pedestrian you saw other than the school children?

"*A*. Right.

"*Q*. Do you know where Mr. Green came from?

"*A*. I don't know where he came from, no.

"*Q*. Did you see him at any time before you struck him?

"*A*. Approximately three feet. * * *

---

4 352 Mich xiv.—Reporter.

"*Q.* And did you at any time apply the brakes before Mr. Green came in contact?

"*A.* I did not.

"*Q.* Did you at any time sound your horn?

"*A.* I did not.   *   *   *

"*Q.* Did you also state, 'I don't know where he came from. I never saw him before I' ——

"*A.* I did not.

"*Q.* You never made that statement?

"*A.* No."

The action below was an offense to plaintiff's constitutional right of trial by jury[5] in that it brought about premature judgment without semblance of that essence of due process, a fair day in court. For that reason I would reverse and remand for entry of order denying motion for summary judgment, with costs to plaintiff.

T. M. KAVANAGH, C. J., and SOURIS, J., concurred with BLACK, J.

---

[5] Const 1963, art 1, § 14.—REPORTER.