## HUFF *v.* RUDOWSKI

Automobiles—Negligence—Contributory Negligence—Fact Question—Directed Verdict.

It was reversible error for trial court to grant defendant's motion for a directed verdict asserted on the basis that plaintiff-pedestrian was contributorily negligent as a matter of law in not continuing to make observation of traffic coming from his right after his initial observation thereof made immediately before he stepped off the curb to cross the street, where there was no affirmative testimony that he had not continued such observations, plaintiff testified that he could not remember whether or not he had made such additional observations, and he was struck by defendant's vehicle while he was on or just past the center line of the street.

Appeal from Wayne, Foley (Thomas J.), J. Submitted Division 1 June 13, 1968, at Detroit. (Docket No. 3,686.) Decided November 25, 1968.

REFERENCE FOR POINTS IN HEADNOTE
8 Am Jur 2d, Automobiles and Highway Traffic §§ 411, 1013.

Complaint by James L. Huff against Ronald Rudowski for automobile negligence. Defendant's motion for directed verdict granted. Plaintiff appeals. Reversed and remanded.

*Thomas Rosender,* for plaintiff.

*Rouse, Selby, Webber, Dickinson & Shaw (James H. Finney,* of counsel), for defendant.

Per Curiam. In this action for personal injuries by a pedestrian against an automobile driver under the negligent and subsequent negligence theories, there was no affirmative testimony that the plaintiff had not continued observations of traffic coming from his right (north) after the initial observation thereof made immediately before he stepped off the curb to cross to the west side of the street. There was considerable other traffic at the intersection. The testimony of the plaintiff was that he could not remember whether or not he had made additional observations of traffic from the north. Defendant's vehicle struck the plaintiff while he was on the center line or just west of it. In this context it was error for the trial court to grant defendant's motion for a directed verdict asserted on the basis that plaintiff was contributorily negligent as a matter of law in not continuing to make observations to the north.

This is not a case where there is undisputed affirmative testimony of lack of observation northward after the initial observation, but rather a case where the plaintiff testified "I don't remember." It was therefore a matter of fact for the jury to ascertain whether the defendant had sustained his burden of proving that plaintiff was contributorily neg-

ligent in failing to exercise due care for his own safety.

Undisputed facts alone are not sufficient to direct a verdict.

"It is a mistake, therefore, to say, as is sometimes said, that when the facts are undisputed the question of negligence is necessarily one of law. This is generally true only of that class of cases where a party has failed in the performance of a clear legal duty. When the question arises upon a state of facts on which reasonable men may fairly arrive at different conclusions, the fact of negligence cannot be determined until one or the other of those conclusions has been drawn by the jury. The inferences to be drawn from the evidence must either be certain and incontrovertible, or they cannot be decided upon by the court. Negligence cannot be conclusively established by a state of facts upon which fair minded men may well differ."

So stated Chief Justice COOLEY in *Detroit and Milwaukee R. Company* v. *Van Steinburg* (1868), 17 Mich 99, 122, 123 as quoted in *Davis* v. *New York Central R. Company* (1957), 348 Mich 262, 270.

Appellee relies primarily upon *Schillinger* v. *Wyman* (1951), 331 Mich 160, and *Green* v. *Wallace* (1965), 376 Mich 113. These cases are distinguishable, the former having been decided at a time when the burden of proof was upon the plaintiff to prove freedom from contributory negligence; and the latter, on the basis that the facts differ as noted at pages 117 and 118 of *Green*. The most obvious factual differences are the lack of other traffic at the intersection in *Green* and the view of the plaintiff in the direction the defendant was coming from in *Green* was nine hundred to one thousand fifty feet while here it was two hundred feet.

As to the plaintiff's theory of subsequent negligence, all the testimony left that issue as a matter for the jury as well.

Reversed and remanded for a new trial.

T. G. KAVANAGH, P. J., and LEVIN and NEWBLATT, JJ., concurred.